# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**MICHELLE R. VANN,**

      **Plaintiff,**

**v().**                                                    **CIV No. 98-608 JP/DJS**

**CANTRALL ENTERPRISES, INC.,**
**d/b/a McDonald's,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

On July 7, 1998, Plaintiff filed a Motion to Remand (Docket No. 6). After a thorough review of the pleadings filed in this case and the applicable law, I conclude that Plaintiff's Motion to Remand should be denied.

### Background

On January 20, 1998, Plaintiff Michelle R. Vann filed "Plaintiff's Complaint for Breach of Contract" ("Complaint") against Defendant Cantrall Enterprises, Inc., d/b/a McDonald's, in the Twelfth Judicial District, County of Otero, State of New Mexico, asserting various claims arising from the termination of Plaintiff's employment with Defendant. Although the Complaint appears to focus on Defendant's alleged contractual breaches and misrepresentations, it also contains allegations that Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Office ("EEOC") and the New Mexico Human Rights Commission. Complaint, ¶ 3.

The Complaint refers to the EEOC "notice of right-to-sue" letter that Plaintiff received on October 30, 1997. Complaint, ¶ 4.

The Complaint further alleges that Defendant terminated Plaintiff's employment because of "her sex and religion." Complaint, ¶ 7. Plaintiff also states that at the time of her termination, the "Defendant was well aware of the provisions of the sex and religious discrimination laws . . . . Defendant had posted a Labor Department poster regarding discrimination on the basis of sex and religion." Complaint, ¶ 10. The allegations in Plaintiff's Complaint do not identify, however, these "sex and religious discrimination laws" and also do not specify whether these laws are state or federal laws.[1]

On January 23, 1998, Plaintiff sent a cover letter and a copy of the Complaint by certified mail to Jim Cantrall of Cantrall Enterprises, Inc. On February 23, 1998, and March 30, 1998, the Twelfth Judicial District issued two Notices of Hearing of Scheduling Conference to Plaintiff and James Compton, Defendant's Registered Agent. On April 16, 1998, Plaintiff formally served Defendant's Registered Agent with a copy of the Complaint. On April 29, 1998, Defendant's counsel sent Plaintiff's counsel a letter asking whether Plaintiff brought the discrimination claims under state or federal law and requesting a response by May 1, 1998. On May 6, 1998, Plaintiff's counsel telefaxed a letter to Defendant's counsel stating that both federal and state law governed the discrimination claims. Defendant filed its answer on May 7, 1998.

On May 20, 1998, Defendant removed this action to federal court under 28 U.S.C. § 1441(b) and 28 U.S.C. § 1446, alleging federal question jurisdiction under 28 U.S.C. § 1331. On

---

[1] In addition to claims of sex and religious discrimination Plaintiff alleged claims for breach of contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, and negligent misrepresentation, which are governed by state law.

June 18, 1998, Defendant filed a "Notice of Filing State Court Pleadings" with this court.

Plaintiff filed a "Motion to Remand" to state court on July 7, 1998.

## Legal Standard

Federal court jurisdiction is to be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). "[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert denied*, 516 U.S. 863 (1995). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden of establishing that removal was properly accomplished. *Id*.

## Analysis

Plaintiff's first argument is that Defendant failed to timely file its Notice of Removal under 28 U.S.C. § 1446(b). Plaintiff's second argument is that under 28 U.S.C. § 1446(a) the Notice of Removal was defective because Defendant failed to attach a copy of all state court pleadings that had been sent to Defendant, including the Notice and Receipt of Summons and Complaint and two Notices of Hearing of Scheduling Conferences. Third, Plaintiff asserts that the failure to file these documents with this court also violated D.N.M.LR.-Civ. 81(a), which requires the removing party to file with this court all records and proceedings from the state court within thirty days of removal.

*Timing Requirement under 28 U.S.C. § 1446(b)*

The timing requirement for filing a notice of removal is set forth in 28 U.S.C. § 1446(b):

> (b) The notice of removal of a civil action or proceedings shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . *If the case stated by the initial pleading is not removable*, a *notice of removal may be filed within thirty days after receipt by the defendant*, through service or otherwise, *of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is* one which is or has become *removable* . . . .

28 U.S.C. § 1446(b) (emphasis added).

Plaintiff claims that the thirty day period for removal began to run on January 27, 1998, when Jim Cantrall received by certified mail a cover letter from Plaintiff's attorney and a copy of the Complaint, or, alternatively, on April 16, 1998, when Plaintiff served Defendant's Registered Agent. Since Defendant did not file its notice of removal within thirty days of the later date, April 16, 1998, there is no need to address Plaintiff's argument that the thirty day time period began to run on the earlier date, January 27, 1998.

Defendant contends that it timely removed the case because the May 6, 1998, letter from Plaintiff's counsel was "the first such document under which it could reasonably be ascertained that the Plaintiff [wa]s asserting claims under Federal law." Response at 3. Plaintiff asserts that Defendant was notified of a federal law claim because "the complaint clearly states that Plaintiff filed her claim for sex and religious discrimination with the Equal Employment Opportunity Commission" and because Plaintiff alleged in the Complaint that she received an EEOC "right-to-

sue letter." Plaintiff's Memorandum at 4.  Plaintiff also points out that Defendant stated in its twenty-first Affirmative Defense that Plaintiff's claims are barred for failing to comply with "EEOC" *or* "the New Mexico [H]uman Rights Division requirements," which manifests an understanding that Plaintiff's claims fall under both state and federal law.  Finally, Plaintiff makes the unpersuasive argument that because the Defendant pled in its sixth Affirmative defense that punitive damages are not available under the New Mexico Human Rights Act, and Plaintiff prayed for punitive damages in her Complaint, the Defendant was aware that Plaintiff's complaint alleged violations of federal law.

A recent unpublished opinion from the Tenth Circuit cited earlier Tenth Circuit opinions addressing the sufficiency of notice provided in a complaint for the purpose of triggering the thirty day period for removal.  *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1998 WL 612938 (10th Cir. Aug. 21, 1998).  In *Akin*, the plaintiffs argued that the defendants' motion to remand was untimely filed because it was filed more than thirty days after plaintiffs served the initial pleading. The defendants argued that "plaintiffs' allegations of injuries sustained 'while working at' Tinker Air Force Base and 'while working for' the United States were ambiguous," and that it was not until the defendants received answers to interrogatories that they were provided with sufficient notice that the conduct sued upon took place within a federal enclave and under federal direction. *Id*. at *2.  Agreeing with the district court that the initial pleading was vague, the court upheld the district court's denial of plaintiffs' motion to remand.  *Id.* at *3.

The *Akin* court rejected "cases from other jurisdictions which impose a duty to investigate and determine removability where the initial pleading indicates that the right to remove may exist." *Id* at *3.  Instead, the Tenth Circuit stated that it "requires clear and unequivocal notice

5

from the pleading itself, or a subsequent 'other paper' such as an answer to interrogatory." *Id*. (discussing *DeBry v. Transamerica Corp.,* 601 F.2d 480, 489 (10th Cir. 1979) ("[T]he purpose of the starting of the period of the limitations [for removal] is important to allow the defendant to intelligently ascertain removability . . . . If the statute is going to run, the notice ought to be unequivocal."); *Ardison v. Villa*, 248 F.2d 226, 227 (10th Cir. 1957) ("The manifest purpose of starting the period for removal from the date of the service of the 'initial pleading' is to enable the defendant to intelligently ascertain removability from the face of such initial pleading . . . .")).

Plaintiff cites to a federal district court opinion from Kansas to support Plaintiff's position that the Complaint was sufficient to trigger the thirty day period for removal. *See Knudsen v. Samuels*, 715 F.Supp, 1505 (D.Kansas 1989). In *Knudsen*, the court stated, "under 28 U.S.C. § 1446(b), the question is not whether the initial pleading discloses the potential for removal but *whether it discloses that the case is not removable*." *Id*. at 1507 (emphasis supplied). The only circuit court that has cited *Knudsen* rejected it. *Leffal v. Dallas Ind. Sch. Dist.*, 28 F.3d 521 (5th Cir. 1994) (rejecting *Knudsen* and reaffirming that in the Fifth Circuit the period for removal begins to run from receipt of a pleading only when the pleading affirmatively reveals on its face that plaintiff asserts a cause of action based on federal law). The Tenth Circuit in *Akin* ignored *Knudsen* altogether even though *Knudsen* was an opinion of a district court that is within the Tenth Circuit.

Thus, it appears that the Tenth Circuit requires clear and unequivocal notice of the potential for removal in order to trigger the thirty day period for removal. Under this standard, Plaintiff's vague references to "sex and religious discrimination laws" are insufficient to alert Defendant that in addition to Plaintiff's many state law claims, some of Plaintiff's claims are

6

brought under federal law. Although Plaintiff's Complaint also refers to an EEOC right-to-sue letter, the Complaint fails to refer to a specific federal statute or even to state that Plaintiff's claims are brought under federal law. It is not inconceivable that a plaintiff would elect to pursue employment discrimination claims only under state anti-discrimination laws, despite having received an EEOC right-to-sue letter. The reference to the EEOC right-to-sue letter would simply require Defendant to speculate regarding the removability of the case to federal court. This does not meet the standard of clear and unequivocal notice required to trigger the thirty day period for removal in the Tenth Circuit.

*Filing of State Court Documents Under 28 U.S.C. § 1446(a) and D.N.M.LR-Civ. 81(a)*

Under 28 U.S.C. § 1446(a), a Notice of Removal must be accompanied by a copy of all "process, pleadings, and orders served upon such defendant or defendants in such action." The local district court rule requires that "[a] party removing an action under 28 U.S.C. § 1446 must file with the Clerk legible copies of records and proceedings from the state court action within thirty (30) calender days after filing notice of removal." D.N.M.LR-Civ. 81(a).

Plaintiff argues that Defendant's Notice of Removal is defective under 28 U.S.C. § 1446(a) because it was not accompanied by two Notices of Hearing for Scheduling Conferences issued by the state court on February 23, 1998, and March 30, 1998, which were sent to Defendant's Registered Agent before the Registered Agent was served with process. Similarly, Plaintiff asserts that Defendant violated D.N.M.LR-Civ.81(a) by failing to file these Notices with the court within thirty days of removal. Plaintiff's arguments are unpersuasive, however, because these notices were issued *before* the Defendant's Registered Agent was formally served with process on April 16, 1998. Moreover, Plaintiff failed to explain how inclusion of these notices

7

among the materials from the state court file that were filed in this court along with the Notice of Removal would serve any useful purpose. Therefore, Defendant was not required to file these Notices of Hearing for Scheduling Conferences with this court under either 28 U.S.C. § 1446(a) or D.N.M.LR-Civ. 81(a).

Plaintiff also argues that Defendant's removal was defective under 28 U.S.C. § 1446(a) because Defendant failed to file with the Notice of Removal the Notice of Receipt of Summons and Complaint served on the Defendant's Registered Agent on April 16, 1998. *See* Ex. C, attached to Plaintiff's Motion. Plaintiff alleges that Defendant also violated D.N.M.LR-Civ. 81(a) by failing to file the Notice of Receipt of Summons and Complaint within thirty days of removal.[2] Defendant simply responds that this document has no state court stamp, and, therefore, Defendant could not be expected to file it with this court.

Initially, this court notes its mystification about the dispute over the Notice of Receipt of Summons and Complaint regarding D.N.M.LR-Civ. 81(a) because this document actually is in the court's file as an attachment to Defendant's "Notice of Filing of State Court Pleadings," filed on June 18, 1998. Because Defendant filed its Notice of Removal on May 20, 1998, this document was filed with this court within thirty days of removal and, therefore, Defendant complied with D.N.M.LR-Civ. 81(a).

With regard to Plaintiff's argument that Defendant's failure to attach the Notice of Receipt

---

[2] Plaintiff's briefs were less than clear regarding this document. In Plaintiff's Reply, for instance, Plaintiff refers to a "Notice of Service" that was allegedly omitted from the Notice of Removal and then refers to a "Notice of Process" that Defendant allegedly failed to file in violation of the local district court rule. Because the Plaintiff refers the court to Exhibit C when discussing both documents, the court assumes that Plaintiff is discussing the same document, "Notice of Receipt of Summons and Complaint," which is attached to Plaintiff's Motion as Exhibit C.

8

of Summons and Complaint to the Notice of Removal violates 28 U.S.C. § 1446(a), Plaintiff refers this court to *Casados v. United Parcel Service*, Civ. No. 96-1438 LH/RLP, March 31, 1997. In *Casados*, the plaintiffs filed a Motion to Remand on the ground that the defendants failed to attach to their Notice of Removal copies of the Summons, Demand for Jury Trial, and the returns of service. *Slip op.* at 3-4. The court held that these omissions violated the procedures for removal under 28 U.S.C. § 1446.

*Casados* is distinguishable from this case because in *Casados* there was no issue of whether the returns of service were filed in the state court. Here, however, the Notice of Receipt of Summons and Complaint was evidently never filed in state court because it has no state court filing stamp. *See* Ex. C attached to Plaintiff's Motion. In New Mexico, service by mail is permitted under Rule 1-004(E) NMRA 1998. The person serving process by mail, as Plaintiff did, must file with the state court the acknowledgment (Notice and Receipt of Summons and Complaint) received pursuant to Rule 1-004(E). *See* Rule 1-004(G) NMRA 1998. Apparently, Plaintiff failed to file the Notice of Receipt of Summons and Complaint with the state court. I conclude that Defendant's failure to attach a document, which evidently was never made a part of the state court record, is not fatal to Defendant's removal under 28 U.S.C. § 1446(a).

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand is DENIED.

_____
**UNITED STATES DISTRICT JUDGE**